[Crim. No. 1070.   Department Two.—February 24, 1904.]

## THE PEOPLE, Respondent, v. JOSEPH L. KELSO, Appellant.

CRIMINAL LAW—BURGLARY—DESCRIPTION OF PREMISES—NUMBER OF ROOM—SUFFICIENCY OF PROOF.—Where an information for burglary contained a sufficiently full description of the ''house, room, apartment, tenement, shop,'' etc., of a person named, where the burglary was alleged to have been committed, independent of a phrase giving to the room or apartment a certain number, and the evidence was that the burglary, if committed at all, was committed at the place otherwise fully described, the mere failure to prove the unnecessary averment of the number of the room or apartment cannot have deprived the appellant of any of his rights or prevented him from having a fair trial.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Thomas J. Lennon, Judge presiding.

The facts are stated in the opinion of the court.

Fuller & Chappel, for Appellant.

U. S. Webb, Attorney-General, C. N. Post, Assistant Attorney-General, and L. B. Wilson, for Respondent.

McFARLAND, J.—The defendant was convicted of burglary, and appeals from the judgment and from an order denying his motion for a new trial.

The only point made by appellant which calls for special notice is, that there was a failure of the prosecution to prove the alleged *locus delicti*. This point rests upon the fact that it is averred in the information that the alleged offense was committed by burglariously, etc., entering the "house, room, apartment, tenement, shop, warehouse, store, and building of one M. B. Quigg, being known and designated as room No. 32 of that certain building situated at No. 406 Sutter Street in the city and county of San Francisco," and that there was no evidence that the premises of Miss Quigg were designated as "room No. 32." This contention is not maintainable. The information contained a sufficiently full description of the place where the burglary was alleged to have been committed, independent of the phrase giving to it a certain number. It gave the name of the street and the number of the house thereon in which Miss Quigg had her apartments, which were shown by the evidence to have been used as a millinery establishment, and alleged that the burglary was committed in the "room, apartment, tenement, shop," etc., of the said Miss Quigg in said house on Sutter Street; and the evidence was, that it was committed, if at all, at said place so described. It is impossible that the mere neglect of the prosecution to prove the unnecessary averment of the number of her apartments could have deprived appellant of any of his rights, or prevented him from having a fair trial.

The point that in other respects the evidence was not sufficient to warrant the conviction of appellant is not tenable. No doubt, a plausible argument might have been made to the jury against the sufficiency of the evidence to justify a verdict of guilty; but there certainly was such evidence tending to show appellant's guilt as put the question of his guilt or innocence clearly within the judgment of the jury.

The order and judgment appealed from are affirmed.

Lorigan, J., and Beatty, C. J., concurred.